IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SALOME VINAJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CORDILLERA ENERGY PARTNERS III, LLC, PANHANDLE PIPELINE, L.P., GRANITE OPERATING COMPANY, TEXAS STAR PIPELINE MANAGEMENT CORPORATION, PEYTON HOLDINGS, INC. f/k/a PEYTON OIL & GAS, INC., ENOGEX LLC, ENOGEX SERVICES CORPORATION, ENOGEX PRODUCTS LLC, ENOGEX OPERATING LLC, ENOGEX GAS GATHERING LLC, and TEXAS EXCAVATION SAFETY SYSTEM, INC., | § | NO. 2:09-CV-49-J |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Cordillera Energy Partners III, LLC (Cordillera), and Granite Operating Company (Granite) *Defendants' Motion for Final Summary Judgment*, filed on November 2, 2009.

### SUMMARY JUDGMENT STANDARD

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits,

show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1449 (5th Cir.1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994), quoting *Celotex Corp.,* 477 U.S. at 323. The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996).

**BACKGROUND**

This case arises out of a fire caused by the rupture of a natural gas pipeline. At the time of the fire, Plaintiff Salome Vinaja (Vinaja) was working on a pipeline construction project for his employer with coworker Garrett Keenan (Keenan). Keenan was operating a mechanized trencher that was digging a trench for a new pipeline and while operating the trencher, Keenan struck a gathering pipeline running approximately perpendicular to the path of the excavation.

The resulting fire caused burns to Mr. Vinaja's hands, arms, legs, and face. Vinaja alleges that the pipeline and right-of-way the pipeline was on were owned and operated by Cordillera. Vinaja also asserts the pipeline was not marked and neither he nor Keenan were warned that the pipeline was in the path of the trencher. Vinaja brought suit against Defendants Cordillera and Granite asserting claims for negligence, premises liability, negligence per se, and res ipsa loquitor. Cordillera and Granite have moved for summary judgment on all of Vinaja's claims.

## DISCUSSION

Granite Operating Company moved for summary judgment stating that Granite was "entitled to summary judgment on each and every one of Plaintiff's claims because there is no evidence that Granite owned, controlled, managed, or operated the gathering line or related rights-of-way" involved in the accident. Vinaja does not address this contention in the body of his response to the motion for summary judgment but states in a footnote that "one of the arguments raised in Defendants' motion appears to be undisputed. In this regard, Defendants state that 'Granite has never owned, operated, managed, or controlled the [pipeline] or any of the related rights-of-way.' … If this is accurate, then Defendants are correct that Mr. Vinaja does not have a claim against Granite."

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 325. If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

While Vinaja does not explicitly verify Granite's contention that it never owned, operated, managed, or controlled the pipeline or rights-of-way involved in this case, Vinaja

presents the Court with no evidence disputing the assertion or setting forth a genuine issue of material fact on the issue.  Accordingly, the Court grants summary judgment in favor of Granite Operating Company on all of Vinaja's claims.

## CONCLUSION

To the extent the motion for summary judgment seeks the dismissal of all claims against Granite Operating Company, the motion is GRANTED.  To the extent the motion for summary judgment seeks the dismissal of claims against Cordillera Energy Partners III, LLC, the motion is DENIED.

It is SO ORDERED.

Signed this 12th day of April, 2010.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE